STATE of Minnesota, Respondent,

v.

Melodie NELSON, Appellant.

No. C5–96–1238.

Court of Appeals of Minnesota.

April 22, 1997.

Timothy Marx, St. Paul City Attorney, Lawrence M. Schultz, Assistant City Attorney, St. Paul, for respondent.

Hubert H. Humphrey III, State Attorney General, St. Paul, for respondent.

John M. Stuart, State Public Defender, Lawrence Hammerling, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and KLAPHAKE, and WILLIS, JJ.

## OPINION

RANDALL, Judge.

Appellant argues the trial court erred in admitting evidence of her prior conviction for disorderly conduct during her trial for fifth-degree domestic assault. We affirm.

## FACTS

On January 16, 1996, seven year-old R.N. went to the office of Nell Kaiser, a teacher and counselor at Como Elementary School, to return a jacket Kaiser had given her. Kaiser observed a bruise under R.N.'s right eye. When asked about the bruise, R.N. started to say "My m ...," but stopped without finishing. She then said that she had fallen down the stairs. Upon further questioning, however, R.N. stated that "my mom hit me."

Kaiser called the St. Paul Police Department about the possibility of child abuse, and Officer James Groh was sent to investigate. After speaking with Kaiser, Groh interviewed R.N. alone in a conference room during which time she repeated the story she told Kaiser. Photographs of R.N. were taken and Groh filed a report on the incident.

The follow-up investigation was conducted by Sergeant Charles Anderson. On January 22, 1996, Anderson made an unannounced visit to the Nelson family. Anderson explained that he was there to investigate possible child abuse based on a report received by a mandatory reporter. During Anderson's visit, appellant pointed to R.N., asking her if she fell down. R.N. nodded her head that she had. After the investigation was completed, appellant was charged with fifth-degree domestic assault.

Prior to jury selection, respondent informed the trial court and appellant of its intention to introduce evidence that on June 28, 1995, appellant pleaded guilty to misdemeanor disorderly conduct for striking her eight-year-old daughter with a wooden spoon on March 4, 1995. The trial court took respondent's motion under advisement, stating that it would rule on the issue following respondent's case-in-chief.

During trial, R.N. testified that she did not remember speaking with Kaiser about the injury. She also stated she did not tell anyone at school about her injury and that she did not remember what she told the police officer about the injury. The testimony of

R.N. was contradicted by the testimony of Kaiser and Anderson.

Appellant testified that on the day in question, R.N. came home from school, watched some television, and then went to play with her sister. According to appellant, the two girls played together for several hours and at one point, appellant caught R.N. jumping off the dresser onto the bed. It was not until later that evening, when Mr. Nelson came home from work, that appellant noticed R.N.'s bruise.

Following the state's case-in-chief, the trial court ruled, over defense objection, that the evidence of appellant's prior conviction was admissible. In an effort to expedite matters and to avoid calling numerous witnesses, the parties stipulated that appellant's conviction for disorderly conduct would be read into the record and that the state could introduce three pictures of the injuries inflicted by appellant in the prior offense.

After deliberating for approximately one hour and twenty minutes, the jury returned a guilty verdict. The trial court sentenced appellant to 90 days in the Ramsey County Workhouse. The sentence was stayed for one year on the condition appellant complete a psychological and parenting evaluation program, cooperate with Child Protection, serve 30 days in the Volunteers of America Facility for Women, successfully complete an anger management program, and have no same or similar violations within a year. This appeal follows.

### ISSUE

Did the trial court properly admit evidence of appellant's prior conviction for disorderly conduct during her trial for fifth-degree domestic assault in violation of Minn.Stat. § 609.2242 (1996)?

### ANALYSIS

Reviewing courts "largely defer to the trial court's exercise of discretion in evidentiary matters and will not lightly overturn a trial court's evidentiary ruling." *State v. Kelly* 435 N.W.2d 807, 813 (Minn.1989). The trial court's evidentiary ruling will stand absent an abuse of discretion. *Id.*

In July 1995, appellant pleaded guilty to disorderly conduct after striking her oldest daughter with a wooden spoon. Respondent, after providing notice to appellant, sought to introduce this evidence at trial. Over defense objection, the trial court allowed the evidence. After the court's ruling, the parties stipulated that appellant's disorderly conduct conviction simply be read into the record and that respondent be allowed to introduce three photographs depicting the injuries appellant's oldest daughter received in that incident.

Appellant argues she was deprived of her right to a fair trial because the admission of her prior conviction, with the accompanying photographs, possibly confused the jury or unduly influenced them to punish her based on the prior conviction and that the probative value of the evidence was substantially outweighed by its prejudicial effect.

### I.

■ The trial court relied, in part, on Minn.Stat. § 634.20 (1996) to admit the evidence of appellant's prior conviction for disorderly conduct. This was serious error. Minn.Stat. § 634.20, provides that:

Evidence of similar prior conduct by the accused against the victim of domestic abuse, * * * is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

The trial court ruled the evidence was admissible under this section because it was relevant to the charge in the case and that, although there was the chance that the probative value of the evidence would be outweighed by its prejudicial value, any such danger would be mitigated by a cautionary instruction to the jury prior to its receipt and at the conclusion of the case.

■ Contrary to respondent's assertions, evidence of appellant's prior conviction is inadmissible under Minn.Stat. § 634.20. A plain reading of the provision's language makes clear that it applies only to similar

prior conduct *between the accused and the victim of domestic violence.* Here, the provision does not apply. The prior conduct was not between appellant and the victim. Rather, the prior conduct was between appellant and the victim's sibling. We conclude that the trial court erred in admitting evidence of appellant's prior conviction pursuant to Minn. Stat. § 634.20.

## II.

In addition to relying on Minn.Stat. § 634.20, the trial court admitted evidence of appellant's prior conviction under the *Spreigl* doctrine.

Evidence of other crimes or bad acts is inadmissible to prove the character of the accused in order to show that the individual acted in conformity therewith in the present case. Minn.R.Evid. 404(b); *State v. Berry,* 484 N.W.2d 14, 17 (Minn.1992). However, such evidence may be admissible to establish motive, intent, absence of mistake or accident, identity, or common scheme or plan. *State v. DeWald,* 464 N.W.2d 500, 502–03 (Minn.1991).

■ Here, the evidence of appellant's prior conviction for disorderly conduct was admissible as evidence that the injury received by R.N. did not occur as a result of an accident. From the beginning, appellant has claimed R.N.'s injury was the result of R.N. falling down, rather than her striking R.N. Evidence of a prior crime is admissible to establish the absence of mistake or accident. *DeWald,* 464 N.W.2d at 502–03; *State v. Robinson,* 427 N.W.2d 217, 227 (Minn.1988) (holding the trial court did not abuse its discretion where evidence tends to show absence of mistake or accident in charging defendant with commission of an offense where, in similar circumstances involving similar offenses, defendant asserted similar defenses).

On these facts, the evidence of appellant's prior conviction was admissible because it was offered to prove the absence of mistake or accident.

## III.

Lastly, appellant argues that the trial court should have excluded the photographic evidence pursuant to Minn.R.Evid. 403. The rule provides that relevant evidence

> may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Minn.R.Evid. 403.

■ Here, once the trial court stated it was going to allow the evidence of appellant's prior conviction into evidence, appellant stipulated that respondent could introduce three photographs depicting the injuries received by appellant's daughter in the prior incident. While she did not waive her objection to the admission of the prior conviction evidence, appellant did waive her objection to its form, including the admission of the three photographs, by her stipulation.

To lessen the danger of unfair prejudice, the trial court gave the proper cautionary instruction to the jury before the prior crime evidence was admitted and then again at the conclusion of the case. *See State v. Slowinski,* 450 N.W.2d 107, 114–15 (Minn.1990) (noting that trial court may lessen the danger of unfair prejudice and undue weight being given by the jury to prior crimes evidence by giving cautionary instructions).

## DECISION

The trial court erred in admitting evidence of appellant's prior conviction for disorderly conduct under Minn.Stat. § 634.20. It was not evidence of similar prior conduct between appellant and the victim. However, the evidence was properly admitted on the issue of mistake or accident.

By stipulating to what evidence would be presented to the jury regarding her prior conviction, appellant, while preserving her overall objection to the admission of such evidence, waived her objection to the form of that evidence.

**Affirmed.**